# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GULA | : | |
|    Plaintiff, | : | |
| | : | Civil No. 3:13-CV-226 |
| v. | : | |
| ADVANCED CARGO | : | |
| TRANSPORTATION, INC., AND | | (JUDGE MANNION) |
| WASHINGTON MUNOZAREVALO | : | |
|    Defendants. | : | |

## MEMORANDUM

Before the court is defendant Advanced Cargo Transportation's motion to dismiss, (Doc. No. 5), those portions of the complaint containing requests for punitive damages and allegations of reckless conduct. (Doc. No. 1.) In his brief in opposition, plaintiff argues that he has stated sufficient facts at this stage of litigation and that a reasonable jury could find that defendants acted recklessly, thereby entitling him to punitive damages. (Doc. No. 8, at 9.) After reviewing the complaint and the parties' briefs, the court has determined that defendants' motion to dismiss will be **DENIED**.

## BACKGROUND

On October 10, 2011, defendant Washington Munozarevalo was driving his tractor-trailer truck in the eastbound lane of Interstate 80 in Monroe County, Pennsylvania. (Doc. No. 1, at 2-3.) The truck was owned by defendant Munozarevalo but was "operated with the permission and consent

of his employer, Advanced Cargo Transportation . . . under an owner-operator arrangement." (Doc. No. 1, at 3.) At the time, plaintiff John Gula was a passenger in a vehicle being driven in the westbound lane of Interstate 80. (Doc. No. 1, at 3.) Although the precise chain of events are unclear from the complaint, defendant Munozarevalo appears to have struck the rear of two cars in the eastbound lane, crossed the highway median into the westbound lane, and collided with the vehicle in which plaintiff was a passenger. (Doc. No. 1, at 4.) As a result, plaintiff claims that he has sustained the following injuries: a jejunal perforation, a mesenteric hematoma, a splenic flexure, colonic ischemia, multiple acute left rib fractures, pleural effusion, numbness and coldness of both feet, occasional numbness of bilateral fingers, intermittent headaches, sensitivity to loud noises and light, fatigue, recurrent nightmares, and a left L5 radiculopathy, post-traumatic stress disorder and depressive disorder, slight bilateral tremor in the arms and mild psychomotor retardation, and intermittent left leg weakness. (Doc. No. 1, at 11,17-18.)

      Investigation after the accident showed that defendant's truck had a defective brake and relay valve on axle one and defective brakes on axle three. (Doc. No. 1, at 7-8, 15.) Plaintiff claims that defendant was driving over the speed limit while fatigued from operating his truck over the maximum legal operation time. (Doc. No. 1, at 7.) Plaintiff further claims that defendant Advanced Cargo failed to instruct defendant Munozarevalo how to safely

operate the truck and did not provide Munozarevalo with proper training and supervision. (Doc. No. 1, at 6-7.) Finally, both Advanced and Munozarevalo failed to "maintain, inspect, and repair" the vehicle throughout its life of service. (Doc. No. 1, at 6, 14.)

Plaintiff filed suit against Munozarevalo for operating his truck in a "negligent, reckless and careless" manner. (Doc. No. 1, at 4.) He also sued Advanced Cargo under the alternative theories of direct liability and *respondeat superior*. (Doc. No. 1.) On February 25, 2013, defendants filed a consolidated motion to strike and motion to dismiss, arguing that the complaint fails to allege facts sufficient to support an award of punitive damages and that allegations of recklessness should therefore be stricken. (Doc. No. 6, at 2.) Defendants subsequently filed a third-party complaint against Trac Intermodal, the manufacturer of the truck, seeking indemnity or, in the alternative, contribution. (Doc. No. 13.) Plaintiff responded by filing an unopposed motion[1] for leave to amend the complaint in order to add Trac Intermodal as a defendant to the case, (Doc. No. 15), which the court granted on April 30, 2013, (Doc. No. 20). The defendants Munozarevalo and Advanced Cargo withdrew their third party complaint on April 29, 2013. (Doc. No. 18.)

---

[1]Pursuant to Local Rule 7.1, a party filing a unopposed motion must attach a certificate of concurrence. While plaintiff does not attach a certificate, the court will nonetheless rule on the motion.

## **STANDARD OF REVIEW**

Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, (Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005)), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. (Id.) Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544,

4

127 S. Ct. at 1964-65).

## **DISCUSSION**

In his complaint, plaintiff requests punitive damages from defendants Washington and Advanced Cargo Transportation, Inc. for "acts [which] constitute a reckless indifference to the risk of injury to Plaintiff." (Doc. No. 1, at 11, 17.) Defendant subsequently filed a Rule 12(b)(6) motion to dismiss, but asking for relief under either 12(b)(6) or 12(f). (Doc. No. 5, at 3.) In that motion, defendants argue, "[p]laintiff's Complaint in this matter has done nothing more than make conclusory allegations of a reckless state of mind without alleging facts sufficient to support such a finding, even if taken as true." (Doc. No. 5, at 3.)

In analyzing defendant's motion, the court is cognizant that Rule 12(f) and 12(b)(6) serve different purposes and provide different relief. Rule 12(f) has "no application to a request for punitive damages, in that it does not constitute redundant, immaterial, impertinent, or scandalous matter." North Side Foods Corp. v. Bag-Pack, Inc., 06-CV-1612, 2007 WL 954106, *3 (W.D.Pa. 2007); see also Jordan v. Wilkes-Barre General Hosp., 07-CV-390, 2008 WL 3981460, *4 (M.D.Pa. 2008) (court should not use 12(f) to eliminate request for punitive damages). Rather, rule 12(b)(6) provides the appropriate remedy when challenging a request for punitive damages. K.E.K. ex rel.

Kauffman v. The Grier School, 05-CV-386, 2005 WL 2028700, *2 (M.D.Pa. 2005) (analyzing punitive damages under Rule 12(b)(6)). On the other hand, "[t]o the extent plaintiffs wish to excise individual allegations, Rule 12(f) provides the appropriate vehicle for doing so." North Side Foods Corp., v. Bag-Pack, 06-CV-1612, 2007 WL 954106, *3 (W.D.Pa. 2007); Fed. R. Civ. P. 12(f). Because defendants ask the court to strike particular allegations and dismiss the request for punitive damages, the court will analyze defendants motion under both rules. Jordan v. Wilkes-Barre General Hosp., 07-CV-390, 2008 WL 3981460, *5 (M.D.Pa. 2008) (recognizing court's authority to interpret a motion and construe it according to the substance of the motion itself).

As an initial matter, an award of punitive damages in a diversity case is governed by state law. Bridges v. Ashland Borough, 10-CV-1065, 2011 WL 5826676 (M.D.Pa. 2011). Under Pennsylvania law, a party may recover punitive damages if "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 124 (2005). The Pennsylvania Supreme Court has said:

> The standard governing the award of punitive damages in Pennsylvania is settled. Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are

6

proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (2005).

The complaint contains numerous allegations indicating that defendant Munozarevalo acted negligently and violated several Pennsylvania and federal regulations. (Doc. No. 1, at 13-17.) Allegations of negligence, however, are insufficient to survive a motion to dismiss a request for punitive damages under Pennsylvania law because punitive damages may not be awarded for simple negligence. Kempson v. American Honda Motor Co., 09-CV-0118, 2009 WL 744115, *5 (M.D.Pa. 2009). Furthermore, allegations that a party violated state or federal law are legal conclusions to which the court need not give a presumption of truth. For the purpose of defendants' Rule 12(b)(6) motion, the court will only consider factual allegations from which the court can draw an inference of a plausible claim for reckless conduct and, therefore, punitive damages.

Plaintiff first states that defendant Munozarevalo "[operated] his vehicle when he was so fatigued as to make it unsafe for him to operate the tractor trailer" and also "[operated] his vehicle in excess of the applicable Hours of Service." (Doc. No. 1, at 14.) The complaint indicates that defendant failed to "maintain, inspect and repair his vehicle" and "[operated] the tractor on public highways with inoperative or defective brakes and a relay valve on axle 1 [and] inoperative or defective brakes on axle 3." (Doc. No. 1, at 14-15.) While these allegations may not conclusively establish recklessness, the court's

7

obligation is merely to determine whether they create a plausible inference of recklessness, one which discovery will further substantiate. Williams v. Beard, 10-CV-979, 2012 WL 463441, *2 (M.D.Pa. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court has determined that, in the aggregate, these allegations allow an inference that defendant Munozarevalo had a "subjective appreciation of the risk" he posed to other drivers. Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (2005).The fact that he nonetheless operated his truck under these conditions indicates that he acted with "conscious disregard of that risk." Id. Therefore, plaintiff's allegations suffice to survive a motion to dismiss with regard to defendant Munozarevalo.

As to defendant Advanced Cargo Transportation, plaintiff raises two theories of liability – vicarious and direct. (Doc. No. 1, 4-8.) Looking at vicarious liability under *respondeat superior*, the court has already determined that plaintiff may go forward with his claim for punitive damages against Munozarevalo. Plaintiff claims that Munozarevalo was acting within the scope of employment at the time of the accident, and neither defendant disputes this in the motion. Brezenski v. World Truck Transfer, Inc. 755 A.2d 36, 39 (Pa.Super.Ct. 2000) ("An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment.") Therefore, plaintiff has averred sufficient facts to survive a motion to dismiss against Advanced Cargo under a theory of

8

*respondeat superior*. The question remains, however, as to whether plaintiff has alleged sufficient facts to support a claim of direct liability.

Plaintiff alleges that Advanced Cargo allowed Munozarevalo to operate his truck with "inoperative or defective brakes and a relay valve on axle 1," "inoperative or defective brakes on axle 3," and "a missing registration lamp lens [sic] cover." (Doc. No. 1, at 7-8.) Furthermore, the complaint indicates that Advanced Cargo permitted Munozarevalo to operate the truck when he was fatigued, in excess of the permissible time limit, and without proper training or supervision. (Doc. No. 1, at 6-7.) Finally, Advanced Cargo failed to "maintain, inspect, and repair" the vehicle. (Doc. No. 1, at 6.) Like the allegations against Munozarevalo, these allegations, while not conclusive as to recklessness, are sufficient to survive defendants' motion to dismiss because they allow the court to make an inference of reckless conduct.

Having disposed of the first part of the motion, the court must now look at the motion to strike. Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While this rule gives the court significant discretion, "striking a pleading is a drastic remedy and should be sparingly used by the courts." Conklin v. Anthou, 10-CV-2501, 2011 WL 1303299, *1 (M.D.Pa. 2011); see also Zaloga v. Provident & Acc. Ins. Co. of America, 671 F.Supp.2d 623, 633 (M.D.Pa. 2009) (acknowledging court's discretion to strike). In this case, defendants ask the court to strike the words

"outrageous, careless, willfully, wantonly, reckless, and reckless indifference." (Doc. No. 6, at 2.) This language precisely mirrors the standard for punitive damages enunciated by the Pennsylvania Supreme Court. Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (2005). Because the court will deny the motion to dismiss plaintiff's request for punitive damages, this language is not immaterial nor impertinent. Furthermore, the court does not perceive the allegations to be scandalous. Allegations are scandalous if they "improperly cast[] a derogatory light on someone, most typically on a party to the action." Zaloga v. Provident Life & Acc. Ins. Co. of America, 671 F.Supp.2d 623, 633 (M.D.Pa. 2009). Furthermore, "[s]candalous pleading must reflect cruelly upon the defendant's moral character, use repulsive language or detract fro the dignity of the court. Id. The court is not prepared to find the terms "outrageous, careless, willfully, wantonly, reckless, and reckless indifference" scandalous, especially considering they are the terms used by the Supreme Court of Pennsylvania in the standard governing punitive damages. Finally, defendants make no claim that the language is redundant, instead requesting to have it totally stricken. (Doc. No. 6, at 3-4.) Therefore, the motion to strike will be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: May 7, 2013

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-226-01.wpd